IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELNESHA NELSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ST. PAUL'S SENIOR COMMUNITY, )<br>LLC *doing business as* ST. PAUL'S )<br>SENIOR COMMUNITY,  and )<br>ADP TOTALSOURCE, INC., )<br>)<br>Defendants. )<br>)<br>_____ )<br>)<br>ST. PAUL'S SENIOR COMMUNITY, )<br>LLC *doing business as* ST. PAUL'S )<br>SENIOR COMMUNITY, )<br>)<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>ADP TOTALSOURCE, INC., )<br>)<br>Third-Party Defendant. ) | Case No. 22-cv-220-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant ADP TotalSource, Inc.'s Motion for Leave to File an Amended Notice of Removal (Doc. 13).

### Background

In this matter, Plaintiff Kelnesha Nelson asserts two claims for wrongful termination in violation of the Illinois Workers' Compensation Act against Defendants

1

St. Paul's Senior Community, LLC ("St. Paul's") and ADP TotalSource, Inc. ("ADP") (Doc. 1, p. 40).  On September 15, 2022, Defendant ADP removed this case to this Court (Doc. 1) pursuant to 28 U.S.C. § 1441(a) asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  According to the allegations in the Notice of Removal (Doc. 1), Plaintiff is a citizen of Illinois, Defendant St. Paul's is a citizen of Missouri, Defendant ADP is a citizen of Florida, and Plaintiff's alleged damages are greater than $75,000.00.

On September 21, 2022, Plaintiff filed a Motion to Remand, asserting that Defendant ADP failed to include Defendant St. Paul's consent to removal in the Notice, and that this failure cannot be cured (Doc. 11) (citing 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Plaintiff's Motion to Remand is not yet ripe for review.  *See* SDIL-LR 7.1(c) (adverse parties have 30 days after service of a motion to remand to file a response). However, on September 22, 2022, Defendant ADP filed its Motion for Leave to File Amended Notice of Removal (Doc. 13).  ADP seeks to amend the Notice of Removal to include Defendant St. Paul's as a signatory to the Amended Notice (*See* Doc. 13, at Exhibit 1).  ADP states that St. Paul's agreed to the removal "in principle" on September 12, 2022, however, due to inadvertence, St. Paul's was not included as a signatory on the Notice of Removal (Doc. 13).

On September 23, 2022, the Court directed the parties to respond to ADP's Motion for Leave by October 7, 2022 (Doc. 16).  That deadline has now passed without a response from Plaintiff or Defendant St. Paul's.  The "[f]ailure to timely file a response to a motion

2

may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1.  The Court finds it appropriate to exercise its discretion here and **FINDS** that Plaintiff and Defendant St. Paul's admit the merits of the ADP's Motion. Notwithstanding these admissions, the Court will also address the merits of the Motion below.

## Discussion

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353 (7th Cir. 2000) (observing that joining in the notice is "an essential step.").  "The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants explain the absence of the missing defendant."  *Shedelbower v. Brinkman*, No. 08-CV-602, 2008 WL 4602469, at *1 (S.D. Ill. Oct. 16, 2008) (citing *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).

However, district courts in this Circuit have allowed the removing defendant to cure this defect by filing a written "consent separately within the time allowed by 28 U.S.C. § 1446(b) for the defendant to remove .…" *See, e.g.*, *Shedelbower*, at *1 (internal citations and emphasis omitted); *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (courts in the Circuit occasionally allow the filing of an untimely consent to removal, when "the other defendant consented to removal within the thirty-day period, but the notice of removal

simply lacked the otherwise consenting defendant's signature."); *See also*, *Tidwell v. Siddiqui*, No. 21-CV-00760-SPM, 2021 WL 3362196, at *2 (S.D. Ill. Aug. 3, 2021); *Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012) (collecting cases); *Miller v. Fed. Int'l, Inc.*, No. 09-CV-105-JPG, 2009 WL 535945, at *1 (S.D. Ill. Mar. 4, 2009).

ADP's Notice of Removal (Doc. 1) did not include St. Paul's consent and was thus not compliant with 28 U.S.C. § 1446(b)(2)(A). However, ADP argues that it has timely cured this defect within its thirty-day timeframe for removal. In support, ADP states that St. Paul's gave its consent to removal on September 12, 2022, and before ADP removed this case on September 15, 2022 (Doc. 13, at ¶ 6), however, ADP did not include this consent in its Notice of Removal. As such, ADP filed its proposed Amended Notice of Removal on September 22, 2022, with St. Paul's as a signatory to the Amended Notice (Doc. 13, at Exhibit 1, p. 6).

ADP argues that its removal deadline was September 30, 2022, which was 30-days after ADP was served with a copy of the amended state court complaint naming ADP as a defendant. 28 U.S.C. § 1446(b)(1) provides that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" Similarly, 28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading … from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff did not name ADP as a Defendant until the filing of her First Amended Complaint on August 25, 2022 (Doc. 1, p. 40). ADP was served as a Defendant on August 31, 2022 (Doc. 1, p. 35). Prior to this time, ADP was only a third-party defendant (Doc. 1, pp. 28-35), and was thus prevented from removing this matter. *See Home Depot U. S. A., Inc. v. Jackson*, 204 L. Ed. 2d 34 (May 28, 2019) ("[W]e concluded that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."); *Sabo v. Dennis Techs., LLC*, No. 07-CV-283-DRH, 2007 WL 1958591, at *5 (S.D. Ill. July 2, 2007) ("It is well established that, consistent with the policy favoring narrow construction of the removal statutes, the class of 'defendants' authorized to remove a case under Section 1441(a) does not include third-party defendants.") (internal citations omitted).[1]

In reviewing the state court pleadings (Doc. 1), the Court agrees that ADP filed its proposed Amended Notice of Removal purporting to cure the procedural defect under 28 U.S.C. § 1446(b)(2)(A) within ADP's thirty-day timeframe for removal. While ADP argues that it received notice of the state court case's removability when it was served on August 31, 2022, the Court also observes that ADP was served with copies of some of the state court documents on August 17, 2022 (Doc. 1, p. 14). Nevertheless, even assuming

---

[1]*See also, Thomas v. Shelton*, 740 F.2d 478 (7th Cir. 1984) (holding that "in the broad run of third-party cases … the third-party defendant cannot remove the case under section 1441(c)," although the court recognized the possibility that exceptions might exist, particularly in cases involving the United States as a third-party defendant).

the factual record could support a finding that ADP had knowledge of the state court case when it was named as a Defendant in the First Amended Complaint on August 25, 2022 (so to trigger the 30-day removal period) ADP still filed its notice of removal on September 15, 2022 (Doc. 1), and its proposed Amended Notice on Removal on September 22, 2022 (Doc. 13), both in advance of this 30-day deadline.

Accordingly, ADP's proposed Amended Notice of Removal appears to timely cure the procedural defect under 28 U.S.C. § 1446(b)(2)(A) within ADP's thirty-day timeframe for removal.

## Conclusion

For these reasons, Defendant ADP TotalSource, Inc.'s Motion for Leave (Doc. 13) is **GRANTED**. Defendant ADP is **DIRECTED** to file its Amended Notice of Removal *instanter*.

As the proposed Amended Notice of Removal purports to cure the deficiencies raised in Plaintiffs' Motion to Remand (Doc. 11), Plaintiff is **DIRECTED** to file a notice on or before **October 18, 2022** indicating whether Plaintiff intends to proceed with the Motion to Remand

**SO ORDERED.**

Dated: October 12, 2022

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　DAVID W. DUGAN
　　　　　　　　　　　　　　　　　　　　United States District Judge