IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELNESHA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-220-DWD |
| | ) | |
| ST. PAUL'S SENIOR COMMUNITY, | ) | |
| LLC *doing business as* ST. PAUL'S | ) | |
| SENIOR COMMUNITY,  and | ) | |
| ADP TOTALSOURCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ST. PAUL'S SENIOR COMMUNITY, | ) | |
| LLC *doing business as* ST. PAUL'S | ) | |
| SENIOR COMMUNITY, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADP TOTALSOURCE, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Kelnesha Nelson asserts two claims for wrongful termination in violation of the Illinois Workers' Compensation Act against Defendants St. Paul's Senior Community, LLC ("St. Paul's") and ADP TotalSource, Inc. ("ADP") (Doc. 1, p. 40).  On September 15, 2022, Defendant ADP removed this case to this Court pursuant to 28 U.S.C. § 1441(a) asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1)

(Doc. 1).  On September 21, 2022, Plaintiff filed a Motion to Remand, asserting that Defendant ADP failed to include Defendant St. Paul's consent to removal in the Notice, and that this failure cannot be cured (Doc. 11) (citing 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

On September 22, 2022, Defendant ADP filed its Motion for Leave to File Amended Notice of Removal (Doc. 13).  ADP sought to amend the Notice of Removal to include Defendant St. Paul's as a signatory to the Amended Notice (*See* Doc. 13, at Exhibit 1).  ADP stated that St. Paul's agreed to the removal "in principle" on September 12, 2022, but, due to inadvertence, St. Paul's was not included as a signatory on the original Notice of Removal (Doc. 13).  ADP further represented that this amendment would cure any deficiencies in Plaintiff's Motion to Remand.  Neither Plaintiff nor Defendant St. Paul's responded to ADP's Motion for Leave (Doc. 25).

On October 12, 2022, the Court granted ADP's Motion for Leave to file its amended notice of removal (Doc. 25).  In granting the Motion for Leave, the Court also observed that the Amended Notice of Removal appeared to timely cure the procedural defect alleged by Plaintiff in her Motion to Remand.  Accordingly, the Court directed Plaintiff to file a notice on or before October 18, 2022, indicating whether she intended to proceed with the pending Motion to Remand.  Plaintiff failed to file any notice in response to the Court's Order.

Defendant ADP filed its Amended Notice of Removal and Exhibits on October 17, 2022 (Doc. 31; Doc. 33).  The Amended Notice asserts diversity jurisdiction under 28

U.S.C. § 1332(a)(1). Indeed, Plaintiff is a citizen of Illinois, Defendant St. Paul's is a citizen of Missouri, Defendant ADP is a citizen of Florida, and Plaintiff's alleged damages are greater than $75,000.00 (Doc. 32). The Amended Notice is also signed by both Defendants ADP and St. Paul's (Doc. 32, p. 6). The Amended Notice therefore cures the procedural defect raised by Plaintiff in her Motion to Remand. The Motion to Remand asserts no other basis for remand, and the Court's independent review of its subject matter jurisdiction reveals no apparent defect. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). Accordingly, Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

The parties are reminded that compliance with Court orders is required. The failure to do so may result in dismissal under Fed. R. Civ. P. 41.

   **SO ORDERED.**

   Dated: November 2, 2022

                                      DAVID W. DUGAN
                                      United States District Judge